IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

_____

| | | |
|---|---|---|
| ALJAWON DAWYANE MILES #255 161 | * | |
| Plaintiff, | * | |
| v. | * | 3:11-CV-270-TMH (WO) |
| CHRISTOPHER HILL, | * | |
| Defendant. | * | |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Bullock Correctional Facility located in Union Springs, Alabama, filed this 42 U.S.C. § 1983 on April 11, 2011. He complains that Defendant, Christopher Hill - a state parole and probation officer, improperly confiscated his personal property in May 2009. Plaintiff requests that criminal charges be lodged against Defendant Hill be for theft of property and that he be required to reimburse Plaintiff for the missing property. Upon review of the complaint, the undersigned concludes that dismissal of this case prior to service of process is proper under 28 U.S.C. § 1915(e)(2)(B).[1]

**I. FACTS**

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

Around mid-morning in May 2009 Plaintiff was a passenger in a car that was exiting an apartment complex in Phenix City, Alabama. Plaintiff states that Defendant Hill attempted to flag down the car in which he was riding so he got out of the car and ran into the woods. Defendant Hill proceeded to confiscate Plaintiff's personal property from the vehicle. According to the complaint, during proceedings held before this court on June 3, 2010 in regard to federal criminal charges pending against Plaintiff,[2] Defendant Hill admitted under oath that he took Plaintiff's property out of the car in which he had been a passenger. Plaintiff contends that Defendant Hill, therefore, admitted to violating his Fourth Amendment rights. (*Doc. No. 1*.)

## II. DISCUSSION

*A. Fourth Amendment*

Under the facts presented, Plaintiff has no standing to challenge the search and/or seizure of property from the vehicle in which he was a passenger. Not only was Plaintiff not the owner of the vehicle in question but he abandoned the car in order to elude Defendant Hill. *See United States v. Harris*, 526 F.3d 1334, 1338 (11th Cir. 2008) (a passenger, who has no possessory interest in the automobile, does not have a legitimate expectation of privacy in the interior of the automobile) (citation and quotations omitted); *see also United States v. Edwards,* 441 F.2d 749, 751-52 (5th Cir. 1971)[3] (finding defendant had no

---

[2] *See United States v. Miles*, Criminal Action No. 3:09-CR-132-MEF (M.D. Ala.).

[3] *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*) (Decisions of the Fifth Circuit rendered before October 1, 1981, are binding precedent in the Eleventh Circuit).

expectation of privacy in car he abandoned by fleeing from police on foot); *United States v. Crecni*, 940 F.2d 663 (6th Cir. 1991) (table) (unpubl.) (holding that the defendant abandoned any expectation of privacy he had in any items found in his car when he fled his car in trying to elude the police). This claim is, therefore, subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(i). *See Neitzke v. Williams*, 490 U.S. 319 (1989); *see also Denton v. Hernandez*, 504 U.S. 25 (1992).

B.  Due Process

To the extent Plaintiff's claim against Defendant Hill may be considered an allegation that the parole officer improperly confiscated his property in violation of his Fourteenth Amendment due process rights, he is likewise entitled to no relief.

> "If the [property] was not returned because of [Defendant's] negligence, there has been no unconstitutional deprivation of property. *See Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (negligent loss of property does not rise to the level of a constitutional violation.) If [Defendant] intentionally refused to return the [property], plaintiff has not alleged a constitutional violation. In *Hudson v. Palmer* the Court ruled that an 'unauthorized intentional deprivation of property by a state employee does not constitute a violation of the Due Process Clause . . . if a meaningful post-deprivation remedy for the loss is available.' 104 S.Ct. at 3202, 82 L.Ed.2d at 407. It is essential to [the instant] complaint that it allege that [Defendant] acted without authorization. If [Defendant] was acting pursuant to authorization, his actions would be within the outer perimeter of his duties and would not have violated any clearly established constitutional right and therefore he would be immune from suit. *See Scheuer v. Rhodes,* 416 U.S. 232, 247-48, 94 S.Ct. 1683, 1691-92, 40 L.Ed.2d 90 (1974); *Flinn v. Gordon,* 775 F.2d 1551, 1553 (11th Cir.1985). Only if the

>complaint is construed as alleging that [Defendant] was acting in bad faith outside the scope of his duties can it evade the doctrine of official immunity.

*Rodriguez-Mora v. Baker*, 792 F.2d 1524, 1527 (11th Cir. 1986). *See also Holloway v. Walker*, 790 F.2d 1170, 1173-74 (5th Cir. 1986) (finding no breach of federally guaranteed constitutional rights, even where a high level state employee intentionally engages in tortuous conduct, as long as the state system as a whole provides due process of law); *Myers v. Klevenhagen*, 97 F.3d 91, 94-95 (5th Cir. 1996) ("the *Parratt* [*v. Taylor*, 451 U.S. 527 (1981)]/*Hudson* [*v. Palmer*, 468 U.S. 517 (1984)] doctrine protects the state from liability for failing to provide a pre-deprivation process in situations where it cannot anticipate the random and unauthorized actions of its officers." The complainant bears the burden of establishing that the state's post-deprivation remedy is inadequate).

The State of Alabama, through its Board of Adjustment, provides a meaningful post-deprivation remedy for Plaintiff to seek redress for the loss of his property. *Ala. Code* § 41-9-60 *et seq*. (1982). In light of this adequate state remedy, Plaintiff's allegation that Defendant violated his due process rights by improperly confiscating his personal property, whether such was the result of negligence or an intentional act, lacks an arguable basis in the law and is, therefore, subject to dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B)(i). *Neitzke*, 490 U.S.319.

C. *Criminal Charges*

Plaintiff requests that criminal charges be brought against Defendant Hill for theft of property. As a private citizen, Plaintiff cannot commence criminal proceedings on his own.

*Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973) (a "private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another."); *Leeke v. Timmerman*, 454 U.S. 83 (1981) (same); *see also Savage v. Arnold*, 403 F. Supp. 172, 174 (E.D. Pa. 1975) (private citizens have no right to institute criminal prosecutions in federal court); *United States v. Panza*, 381 F. Supp 1133 (W.D. Pa. 1974) (same). The decision whether to prosecute a particular case is in the discretion of the prosecutorial authority. *United States v. Batchelder*, 442 U.S. 114, 124 (1979); *Otero v. United States Attorney General*, 832 F.2d 141 (11th Cir. 1987). Such decision is not generally subject to judicial review. *Massey v. Smith*, 555 F.2d 1355, 1356 (8th Cir. 1977). Consequently, Plaintiff's request to initiate criminal charges against the named defendant is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(i).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's complaint be DISMISSED with prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

It is further

ORDERED that on or before **May 25, 2011** the parties are DIRECTED to file any objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not

appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 11th day of May 2011.

/s / Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE